Taliaferro, J.
The plaintiff enjoins the execution of a judgment rendered against the firm of McVean, Thompson & Keeting, of which he was a member. The grounds are stated to be :
First — That tne debt on which the judgment was rendered was con *571 tracted before bis marriage and tbe property seized and about to be sold to satisfy the judgment is community property, and can not be subjected to the payment of his debts contracted anterior to his marriage.
Second — That on the thirteenth of May, 1868, the plaintiff made a surrender in bankruptcy and was adjudged a bankrupt by the proper court — that the proceedings in bankruptcy are still pending and undecided and operate a stay or suspension of all further legal proceedings against him and his property pending these in the bankrupt court.
The defendants moved to dissolve the injunction on the following grounds :
First — That the lots and property seized, although acquired after marriage, are liable to seizure and sale for the debts of the husband contracted anterior to the existence of the community.
Second — Because if plaintiff were adjudged a bankrupt before judgment was rendered against him in favor of Arthur, Stone & Co. plaintiff should have pleaded his bankruptcy as a bar before judgment was rendered against him; and having failed so to plead, he can not by means of injunction set up a defense or exception which he could have pleaded before judgment.
Third — Because plaintiff’s petition on its face discloses no cause of action.
On the trial of this motion the injunction was sustained on both the grounds upon which it was based, and the motion was overruled. The defendants then answered to the merits, and the case was tried on the same issues presented on the trial of the rule, and with the same result, except that the court, on the trial on the merits, did not pass upon the first-ground of the injunction, and consequently only maintained the injunction until the final judgment and decree of the bankrupt court shall be rendered, reserving to both parties all their legal rights and remedies under the pleadings.
The defendants have appealed.
In this court the plaintiff prays an amendment of the judgment so as to render the injunction perpetual, and to allow him damages for an illegal seizure of his property as prayed for in his original petition.
We deem it unnecessary to pass upon the question raised by the first ground stated as cause for the injunction. The judgment of the lower court predicated upon the second ground, namely, that the proceedings in bankruptcy are still pending, and that execution on the defendants’ judgment can not legally issue until the final judgment of the bankrupt court decreeing a discharge of the bankrupt or not be rendered, we think correct.
In the case of G-allagher v. Michel, 26 An. 41, it was held that, as *572 plaintiff did not set up his discharge in bankruptcy as a defense before judgment, he could not afterward make it cause for injunction. It is argued that if a discharge in bankruptcy must be pleaded before judgment, so ought also a mere adjudication which operates merely a stay of proceedings. In the case of Gallagher a discharge was decreed before final judgment in the State court, and he might have pleaded that discharge.
In the case at bar no discharge has yet been decreed, and therefore the plaintiff could not plead a discharge before judgment. If he ultimately obtains a discharge, it will operate a release from the debt for which the defendants have obtained a judgment against the plaintiff, and upon which they have issued the execution enjoined by him. These defendants made themselves parties to the bankrupt proceedings, opposing the discharge of the plaintiff, and the matter remains undecided in the bankrupt court as to whether the plaintiff will be discharged or not. He has the right to have the execution suspended until the final action of the bankrupt court. Mosby v. Steele, 7 Ala. 229 j James on Bankruptcy, pp. 98 and 99.
It is therefore ordered that the judgment of the district court be affirmed with c'sts.